**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DANIEL WEBBER,

                Petitioner,                            Case Number: 5:06-CV-14100

v.                                                    HON. JOHN CORBETT O'MEARA

THOMAS BIRKETT,

                Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Daniel Webber is currently incarcerated at the Standish Maximum Correctional Facility in Standish, Michigan, pursuant to convictions for unlawfully driving away an automobile and being a fourth habitual offender. Petitioner has filed a *pro se* petition for a writ of habeas corpus challenging the constitutionality of these convictions. In response, Respondent filed a Motion for Summary Judgment on the ground that the petition was not timely filed.

**I. Procedural History**

Following a bench trial in Delta County Circuit Court, Petitioner was convicted of unlawfully driving away an automobile and being a fourth habitual offender. On April 26, 2000, he was sentenced to four to fifteen years imprisonment.

On March 15, 2004, Petitioner filed an application for delayed leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied the application as untimely. People v. Webber, No. 254384 (Mich. Ct. App. March 25, 2004). Petitioner did not file an application for leave to appeal in the Michigan Supreme. *See* Affidavit of Corbin R. Davis,

Clerk, Michigan Supreme Court, dated March 1, 2007.

Petitioner filed the pending petition on August 22, 2006.

## II. Discussion

Respondent has filed a Motion for Summary Judgment on the ground that the petition was not timely filed.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996, and imposes a one-year limitations period on habeas corpus petitions. Although Petitioner challenges a conviction rendered before 1996, the one-year statute of limitations applies to his petition because the petition was filed after April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 336-37 (1997).

A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. (d)(1)(A). Where a prisoner's conviction became final prior to the effective date of the AEDPA, the prisoner is permitted one year from the AEDPA's effective date to file a petition for habeas corpus relief in federal court. Austin v. Mitchell, 200 F.3d 391, 393 (6th Cir. 1999). In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). However, a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003).

The trial court issued its judgment of sentence on April 26, 2000. Petitioner's conviction

became final on April 26, 2001, when the time for filing an application for leave to file a delayed appeal expired. *See* Mich. Ct. Rule 7.205(F)(3). The AEDPA's one-year limitations period commenced the next day, April 27, 2001. *See* Bronaugh v. Ohio, 235 F.3d 280, 284-85 (6th Cir. 2000) (holding that the last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions).

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals on March 15, 2004. The Michigan Court of Appeals denied the application as untimely. People v. Webber, No. 254384 (Mich. Ct. App. March 25, 2004). The application, therefore, did not serve to toll or restart the limitations period. *See* Artuz v. Bennett, 531 U.S. 4, 8 (2000) (An application is "properly filed" such that it serves to toll the one-year limitations period "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.").

Petitioner filed his habeas petition on August 22, 2006, over five years after the limitations period expired. Petitioner has failed to allege any circumstances which would warrant equitable tolling of the limitations period. Accordingly, Petitioner's application for a writ of habeas corpus is barred by the one-year statute of limitations.

### III. Conclusion

For the foregoing reasons, the Court concludes that the habeas corpus petition was filed outside the one-year limitations period prescribed in 28 U.S.C. § 2244 (d)(1)(A). Further, the Court concludes that Petitioner has failed to establish that he is entitled to equitable tolling of the limitations period.

Accordingly, **IT IS ORDERED** that the Respondent's Motion for Summary Judgment is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 2244(d)(1)(A).


                s/John Corbett O'Meara
                United States District Judge

Dated: May 31, 2007


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 31, 2007, by electronic and/or ordinary mail.

                s/William Barkholz
                Case Manager